**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CR366-C**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | |
| ) | |
| **KIMBERLY FRANCENE BAKER,** ) | **ORDER** |
| ) | |
| **Defendant.** ) | |
| _____) | |

**THIS MATTER** is before the Court on Defendant's unlabeled pro se motion, filed August 21, 2006.

In her motion, Defendant raises claims of ineffective assistance of counsel, prosecutorial misconduct, sentencing guideline error, and wrongful conviction and asks this Court to vacate her sentence. These issues are most properly raised in motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Defendant, however, does not identify under what authority she is requesting the Court to vacate her sentence.

In United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002), the United States Court of Appeals for the Fourth Circuit held that before a district court may treat a mislabeled or unlabeled post-conviction filing as a first § 2255 motion the court must notify the defendant of its intentions. Id. at 649. In addition, a district court must provide the defendant with an opportunity to respond to this notice and an opportunity to supplement the motion. Id.

In the instant case, before notice was given, Defendant's unlabeled pleading was filed as a § 2255 motion. In an effort to correct this oversight, the Court is hereby placing Defendant on notice that the Court has filed her pleading as a motion to vacate pursuant to 28 U.S.C. § 2255. Furthermore, by this Order, the Court is providing Defendant with an opportunity, after receiving this Emmanuel notice, to decide if she wishes the Court to

continue to treat her filing as a § 2255 motion.[1]

In making this determination, Defendant should be aware of the time limitation for filing § 2255 motions and should be aware of the restrictions on filing second or successive § 2255 motions. Below the Court has set forth the statutory provisions relating to these issues.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that § 2255 motions have a one-year limitation period. More specifically, under AEDPA § 2255 now provides that "[t]he limitation period shall run from the latest of (1) <u>the date on which the judgment of conviction becomes final</u>; (2) the date on which the impediment to making a motion created by governmental action in violation of the United States Constitution or the laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

In addition, pursuant to AEDPA, second or successive motions under § 2255 are generally prohibited. 28 U.S.C. § 2255. A second or successive motion must be certified by a panel of the appropriate court of appeals to contain --

> 1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
> 2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2244. In any event, Defendant should be aware that certification for second or successive motions to vacate rarely are granted.

**IT IS, THEREFORE, ORDERED** that:

---

[1] If Defendant determines she does not wish for the Court to treat her filing as a motion to vacate pursuant to 28 U.S.C. § 2255, the Court will administratively terminate the civil case generated by the treatment of her filing as a § 2255 motion.

1. Defendant has **forty-five (45) days from the filing of this Order** in which to **RESPOND** to this Order;

2. <u>**IF DEFENDANT FAILS TO RESPOND, THE COURT WILL CONTINUE TO TREAT THE FILING AS A § 2255 MOTION AND PROCEED ACCORDINGLY**</u>; and

3. If Defendant chooses not to have this Court continue to treat her filing as a § 2255 motion, she must inform the Court under what authority she is requesting relief.

Signed: September 26, 2006

*[signature]*

Robert J. Conrad, Jr.
Chief United States District Judge