IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06cv364
(3:04cr222-RJC-2)

| | |
|---|---|
| KIMBERLY FRANCENE BAKER, ) | |
| ) | |
| Petitioner, ) | |
| Vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 3), Motion to Reconsider (Doc. No. 15), and Supplemental Motion to Reconsider (Doc. No. 16). For the reasons stated below, Petitioner's Motion to Vacate will be dismissed and the other motions will be denied.

I. PROCEDURAL HISTORY

On November 16, 2004, Petitioner was named with four others in an indictment and charged with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine (Count Two) and on possession with intent to distribute cocaine on three separate occasions (Counts Three, Four, Five). (Case No. 3:04cr222, Doc. No. 36). On July 11, 2005, Petitioner filed a plea agreement in which she agreed to plead guilty to Count Two and acknowledged her responsibility for between 5 and 15 kilograms of cocaine. (Case No. 3:04cr222, Doc. No. 57 at ¶¶ 1, 7(a)).

During a plea and Rule 11 hearing on July 15, 2005, a magistrate judge questioned Petitioner at length to ensure that her guilty plea was being intelligently and voluntarily tendered.

The magistrate judge informed Petitioner that she was pleading guilty to a conspiracy with 5 kilograms or more of cocaine being reasonably foreseeable to her, and Petitioner acknowledged under oath that she understood. (Case No. 3:04cr222, Doc. No. 123: Tr. at 7-8). The Government summarized the essential terms of the plea agreement, including its provision that if Petitioner failed to perform all her obligations under the agreement, the Government would be relieved of its obligations, but she would not be allowed to withdraw her plea. (Id. at 24-25). The agreement also included appeal and collateral review waivers. (Id. at 26).

Petitioner affirmed that she understood and agreed to the terms of the plea agreement. (Id. at 27). Petitioner denied being threatened or forced to sign the agreement, indicated that no one had made promises of leniency to her, and stated that she was satisfied with the services of her attorney, who she described as "good." (Id. at 28-29). When given the chance to ask the magistrate judge any questions, Petitioner declined. (Id. at 30-31). The magistrate judge found that Petitioner's guilty plea was knowingly and freely made and accepted her plea. (Case No. 3:04cr222, Doc. No. 58: Entry and Acceptance of Guilty Plea).

On September 8, 2005, a magistrate judge issued a warrant for Petitioner's arrest for alleged violations of her conditions of release, including using marijuana and cocaine, being present at a drug transaction at a hotel room when she was on home detention, fleeing from her residence, and absconding from supervision. (Case No. 3:04cr222, Doc. No. 63). On January 3, 2006, Petitioner failed to appear for sentencing. Petitioner was arrested on February 21, 2006. (Case No. 3:04cr222, Doc. No. 90: Executed Arrest Warrant).

At the sentencing hearing on March 6, 2006, Petitioner affirmed the truth of the statements she had made during the Rule 11 hearing. (Case No. 3:04cr222, Doc. No. 108: Tr. at

3). She affirmed that she read the Presentence Report (PSR), understood it, and had adequate opportunity to review it with her attorney. (Id. at 4). The PSR described her conduct in selling ounces of cocaine to an undercover officer, the possession of a handgun by a co-defendant during two of the transactions, and the calculation of her responsibility for 11.5 kilograms of cocaine based on her admission of selling 10 ounces of cocaine a day for 30 days. Petitioner had no objection to the PSR. (Id. at 4). Her counsel noted for the Court the difference between Petitioner's sale of approximately 15 ounces of cocaine to the 11.5 kilograms established by Petitioner's confession. (Id. at 13-14). Counsel also highlighted Petitioner's completion of her GED and her work as a manager of a Jack in the Box restaurant. (Id. at 15). When given the chance to speak, Petitioner had nothing to say. (Id. at 17). The Court imposed a sentence of 240 months' imprisonment based in part on the stipulated drug quantity. (Case No. 3:04cr222, Doc. No. 96: Judgment). She did not directly appeal her conviction or sentence.

On August 10, 2006, the Clerk of Court received a letter from Petitioner recanting statements attributing drug quantities to co-defendant Guillermo Mendoza. (Case No. 3:04cr222, Doc. No. 103). On August 21, 2006, another letter was received raising issues attacking her conviction and sentence. (Doc. No. 1). In response to an Emmanuel[1] notice (Doc. No. 2), Petitioner filed the instant Motion to Vacate using the standard form in which she alleged ineffective assistance of counsel, wrongful conviction, coerced confession, and prosecutorial misconduct. (Doc. No. 3).

The Court ordered the Government to respond to Petitioner's claim that her attorney was ineffective for failing to file an appeal as directed. (Doc. No. 4). After the Government

---

[1] United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002).

responded (Doc. No. 7), the Court appointed counsel for Petitioner and held an evidentiary hearing for the limited purpose of resolving the divergent factual contentions of the parties on that issue. The Court heard testimony from Petitioner and her former counsel and received exhibits. The Court found former counsel more credible than Petitioner, determined that Petitioner had not directed counsel to file an appeal, and, therefore, dismissed the Peak[2] claim.[3] (Doc. No. 17: Tr. at 33-36).

II.     LEGAL DISCUSSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether a petitioner is entitled to any relief. If the petitioner is not entitled to relief, the motion must be dismissed. Following such review, it plainly appears to the Court that Petitioner is not entitled to any relief on her remaining claims.

     A.     Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that she was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's

---

[2]United States v. Peak, 992 F.2d 39 (4th Cir. 1993).

[3]The Court has considered the information and argument in Petitioner's Motion and Supplemental Motion for Reconsideration (Doc. No. 15, 16), and finds no basis to alter its previous ruling. Even if counsel was mistaken about when the 10-day period began to run for filing an appeal, nothing in the motions affects the Court's credibility determination and factual finding that Petitioner never requested that counsel file an appeal.

conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). In the plea context, a petitioner must show that her counsel's performance was deficient and "there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." Fields, 956 F.2d at 1297 (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (internal citations and quotations omitted).

In evaluating post-guilty plea claims of ineffective assistance, a petitioner's statements under oath expressing satisfaction with counsel are binding absent "clear and convincing evidence to the contrary." Id. at 1299 (citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977)). Moreover, statements made during Rule 11 proceedings constitute strong evidence that a plea was voluntary. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991).

1. Opportunity to Object to Presentence Report

Claiming ineffective assistance of counsel, Petitioner states that she did not have the opportunity to file objections to the PSR because her lawyer gave her a copy the day before sentencing. (Doc. No. 3: Motion at 5). Even so, Petitioner informed the Court at her sentencing hearing that she had adequate time to review the report with her attorney and did not raise any concerns about its accuracy. (Case No. 3:04cr222, Doc. No. 108: Tr. at 4, 17). The instant Motion to Vacate fails to detail anything incorrect about the PSR. Accordingly, she has failed to show that her counsel's performance was constitutionally deficient or that she was prejudiced in any way, and it plainly appears that she is not entitled to relief on this claim.

2. Use of Coerced Confession

Next, Petitioner alleges that her counsel was ineffective because she "allowed a coerced

statement to be used as evidence." (Doc. No. 3: Motion at 5). Petitioner entered a guilty plea; therefore, her confession was never introduced as evidence. The statement was reflected in the PSR as the basis for determining her responsibility for 11.5 kilograms of cocaine. Consistent with the statement, Petitioner testified under oath at her plea hearing that she was responsible for between 5 and 15 kilograms of cocaine, and affirmed that testimony at her sentencing hearing. (Case No. 3:04cr222, Doc. No. 123: Tr. at 7-8; Doc. No. 108: Tr. at 3). The unsubstantiated allegation in the instant motion that her confession was coerced does not constitute clear and convincing evidence sufficient to contradict her previous sworn statements. Fields, 956 F.2d at 1299. Accordingly, this issue is without merit.

        3.        Drug Quantity

Petitioner also alleges that her counsel was ineffective for failing to explain the amount of cocaine for which Petitioner admitted responsibility. (Doc. No. 3: Motion at 5). Specifically, Petitioner testified that when she entered her plea she thought that she was only admitting to the ounce quantities she sold to the undercover officer and that she did not understand what 11.5 kilograms meant. (Doc. No. 17: Tr. at 8). This contention is not credible. First, the 11.5 kilogram quantity was never used at her plea hearing, but rather a figure of 5 to 15 kilograms. (Case No. 3:04cr222, Doc. No. 108: Tr. at 7, 24). Second, a paragraph in the PSR described the 11-ounce transaction with the undercover officer and then calculated the amount from her confession of selling at least ten ounces every day for three to four weeks (Doc. No. 15: Exhibit 4) to be 11.5 kilograms. Since Petitioner admitted going over the PSR with her counsel, it would have been clear to her that the transaction amount was different from the total amount for which she admitted responsibility. Third, during the sentencing hearing, counsel highlighted for the

6

Court the disparity between the 15 ounces Petitioner sold to the undercover officer and the 11.5 kilograms in her confession, yet afterwards Petitioner said nothing when given the opportunity. (Case No. 3:04cr222, Doc. No. 108: Tr. at 14, 17). Finally, in contradiction to the assertion in the Motion to Reconsider that Petitioner suffers from "pronounced diminished capacity" (Doc. No. 15 at 3), she has completed her GED and managed a fast food restaurant (Case No. 3:04cr222, Doc. No. 108: Tr. at 15). Thus, Petitioner's claim that counsel failed to inform her about the drug quantity to which she admitted guilt is not based on credible assertions, and it plainly appears that she is not entitled to relief on this claim.

      4.      Breach of Plea Terms

Petitioner further alleges that her attorney was ineffective because she "allowed the government to breach plea agreement." (Doc. No. 3: Motion at 5). It appears that Petitioner is complaining about the Government's failure to recommend an acceptance of responsibility reduction following her violations of her conditions of release. (Doc. No. 1: Letter at 1-2). The Court commended counsel for her zealous attempt to persuade the Court to give Petitioner credit for pre-plea acceptance of responsibility, despite later absconding from supervision. (Case. No. 3:04cr222, Doc. No. 108: Tr. at 20-21). Additionally, the Government's opposition to a reduction for acceptance of responsibility was not a breach of the plea agreement. According to the terms of the plea agreement, Petitioner's conduct while on release relieved the Government of its obligations, but did not entitle Petitioner to withdraw her plea. (Case. No. 3:04cr222, Doc. No. 57 at ¶¶ 16, 23(f), 28). Accordingly, counsel's performance was not constitutionally deficient, and it plainly appears that she is not entitled to relief on this claim.

5. Gun and Obstruction Enhancement

Finally, Petitioner claims her counsel was ineffective because she allowed enhancements for gun possession and obstruction of justice to be applied. (Doc. No. 3: Motion at 5, 15). As detailed above, Petitioner admitted that she participated in a drug transaction after seeing a co-defendant bring a handgun with them in the car.[4] (Doc. No. 15: Exhibit 4). Thus, counsel had no basis on which to object to the two-level enhancement under USSG §2D1.1(b)(1). See United States v. Kimberlin, 18 F.3d 1156, 1160 (4th Cir. 1994) (applying enhancement because it is foreseeable that co-conspirator would possess gun during drug transaction). Similarly, considering Petitioner's absconding from supervision and failing to appear for sentencing, counsel had no basis to object to the two-level enhancement for impeding the administration of justice with respect to sentencing under USSG §3C1.1. See United States v. Miller, 77 F.3d 71, 74-75 (4th Cir. 1996) (applying enhancement under similar facts). Thus, it plainly appears that counsel's performance was reasonable and that the outcome of the proceeding would not have been different but for counsel's performance.

B. Wrongful Conviction

Petitioner argues that she was wrongfully convicted because none of the others named in her indictment were held responsible for 5 to 15 kilograms of cocaine. (Doc. No. 3: Motion at 6). Petitioner waived her right to challenge her sentence or conviction except for very limited claims, including ineffective assistance of counsel, prosecutorial misconduct, and sentencing inconsistent with explicit stipulations in the plea agreement. (Case No. 3:04cr222, Doc. No. 57 at ¶ 20, 22).

---

[4] The PSR establishes that a gun was also present during the subsequent transaction when Petitioner was arrested.

8

At her Rule 11 hearing, Petitioner swore under oath that she understood these waivers. (Case. No. 3:04cr222; Doc. No. 123: Tr. at 27). The magistrate judge and this Court found her plea to be knowing and voluntary. (Case No. 3:04cr222, Doc. No. 58: Entry and Acceptance of Guilty Plea; Doc. No. 108: Tr. at 3).

The Fourth Circuit has upheld knowing and voluntary waivers to contest convictions or sentences in § 2255 motions. United States v. Lemaster, 403 F.3d 216, 220-21 (4th Cir. 2005). Petitioner's wrongful conviction claim does not fall within the scope of the exceptions to the post-conviction waiver provision, and she has not alleged any defect in her waiver. Consequently, the Court finds that the plea agreement's waiver provision is valid and fully enforceable, and that it stands as an absolute bar to Petitioner's attempts to challenge her conviction and sentence on this basis.[5]

### C. Coerced Confession

Petitioner further seeks to attack her conviction as being obtained by use of a coerced confession. (Doc. No. 3: Motion at 8). She alleges that she was never taken before a magistrate judge following her arrest and that she confessed to a drug amount simply to be allowed to return home. (Id.). As the Court found above under her ineffective assistance of counsel claim, her arguments are without merit. Additionally, the waiver in her plea agreement bars Petitioner's attempt to challenge her conviction on the basis that her confession was coerced. Therefore, it plainly appears that she is not entitled to relief on this claim.

---

[5]Even if the Court were to consider the merits of Petitioner's wrongful conviction claim, it appears that the Government was forced to offer a co-defendant a lesser plea based on Petitioner's affidavit exculpating him. (Case No. 3:04cr222, Doc. No. 108: Tr. at 17-18). Her admission of responsibility for 5 to 15 kilograms of cocaine after her arrest and under oath in court renders the relative culpability of others irrelevant.

D.  Prosecutorial Misconduct

Petitioner alleges that the prosecutor breached the plea agreement by seeking a departure other than provided by USSG §5K1.1 and failing to recommend a reduction for acceptance of responsibility. (Doc. No. 3: Motion at 9). Petitioner did not identify what unauthorized departure the Government sought at sentencing. In fact, the Government did not seek a departure, but rather argued for a sentence within the advisory guideline range. (Case No. 3:04cr222, Doc. No. 108: Tr. at 19-20). As addressed above, the Government was not obligated recommend a reduction for acceptance of responsibility after Petitioner violated the plea agreement by absconding from supervision and failing to appear for sentencing. (Case No. 3:04cr222, Doc. No. 57 at ¶¶ 16, 23(f)), 28). Thus, it plainly appears that Petitioner is not entitled to relief on her claim of prosecutorial misconduct.

III.  CONCLUSION

The Court's initial review of Petitioner's Motion to Vacate and the relevant record evidence plainly shows that she is not entitled to relief on any of her claims.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate (Doc. No. 1, 3) is **DISMISSED**; and her Motion to Reconsider (Doc. No. 15), and Supplemental Motion to Reconsider (Doc. No. 16) are **DENIED**.

Signed: November 13, 2007

Robert J. Conrad, Jr.
Chief United States District Judge