# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:17-cv-63-RJC
# (3:04-cr-222-RJC-CH-2)

| | |
|---|---|
| **KIMBERLY FRANCENE BAKER,** | )<br>) |
| **Petitioner,** | )<br>) |
| vs. | )     **ORDER** |
| **UNITED STATES OF AMERICA,** | )<br>)<br>) |
| **Respondent.** | )<br>) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate.

## I. BACKGROUND

On July 15, 2005, pro se Petitioner Kimberly Baker pled guilty in this Court to conspiracy to possess with intent to distribute cocaine, under 21 U.S.C. § 846. (Case No. 3:04-cr-222-RJC-CH-2, Doc. No. 58: Acceptance and Entry of Guilty Plea; Doc. No. 96: Judgment). On March 6, 2006, Petitioner was sentenced to 240 months of imprisonment. (Id., Doc. No. 96). Petitioner did not appeal.

On August 24, 2006, Petitioner filed a Section 2255 motion to vacate, which this Court denied and dismissed on the merits on November 14, 2007. (Id., Doc. Nos. 107, 126: Civil No. 3:06cv364-RJC). On January 11, 2016, the Court reduced Petitioner's sentence to 192 months of

-1-

imprisonment pursuant to U.S.S.G. Amendment 782. (Id., Doc. No. 143). On February 13, 2017, Petitioner filed the instant Section 2255 petition, placing the petition in the prison mailing system on February 7, 2017. Petitioner raises two claims of ineffective assistance of counsel in her motion to vacate.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner filed the instant motion to vacate on February 7, 2017, seeking to have the Court vacate her conviction and sentence in Criminal Case No. 3:04-cr-222-RJC-CH-2. As noted, Petitioner filed a previous motion to vacate the same conviction and sentence on August 24, 2006, and this Court denied and dismissed that motion to vacate on the merits. Thus, this is the second Section 2255 petition filed by Petitioner challenging the conviction and sentence in Criminal Case No. 3:04-cr-222-RJC-CH-2.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth

Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that she has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition.[1]  See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals").  Accordingly, this successive petition must be dismissed.  See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

**IV.  CONCLUSION**

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must

---

[1] Petitioner has attached to her pending motion to vacate an "application to file a second or successive application pursuant to 28 U.S.C. 2255," dated February 7, 2017, and directed to the Fourth Circuit Court of Appeals.  (Doc. No. 1 at 13, 21).  Petitioner has not shown, however, that she has submitted such application to the Fourth Circuit or that she has obtained the requisite authorization.

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: February 15, 2017

*[signature]*

Robert J. Conrad, Jr.
United States District Judge